**Gerry Lee ZAKS, Plaintiff,**

v.

**AMERICAN BROADCASTING COMPANIES, INC., et al., Defendants.**

**No. CV 85–6779 AWT.**

United States District Court, C.D. California.

Dec. 10, 1985.

---

Leroy S. Walker and Peter F. Laura, Los Angeles, Cal., for plaintiff.

William S. Waldo, Paul, Hastings, Janofsky & Walker, Los Angeles, Cal., for defendants.

## MEMORANDUM ORDER OF PARTIAL REMAND

TASHIMA, District Judge.

This action was commenced in state court and removed here by two of the 16 named defendants. Upon examination of the petition for removal (the "petition") and its supporting documents, the Court issued an order to show cause ("OSC") why this action should not be remanded to state court. The issues raised by the OSC have now been fully briefed and argued. As set forth below, I conclude that all but two of the claims against defendant American Broadcasting Companies, Inc. ("ABC") should be remanded.

Without recounting the allegations of the First Amended Complaint (the "complaint") in detail, plaintiff alleges that while an employee of ABC over a period of many months he was subjected to harassment, vandalism, abusive conduct, assault and battery, culminating in being stabbed in the back and arm by a fellow employee and stuffed unconscious into a closet by fellow workers because of his homosexual orientation. Based on these allegations, the complaint asserts ten causes of action. These claims and the defendants against whom they are directed are:

1. Breach of contract between ABC and defendant California Plant Protection, Inc., of which plaintiff was a third-party beneficiary.

2. Breach of implied-in-fact employment contract between plaintiff and ABC.

3. Assault against ABC and five named defendants who are ABC employees. (Here, as in the rest of the listing, I ignore claims against fictitious defendants.)

4. Battery against ABC and four of the five ABC employee-defendants named in the third claim.

5. Intentional infliction of emotional distress against ABC and all 14 individual defendants. Ten of the 14 are alleged to be managerial employees of ABC; the remaining four are those named in the third and fourth claims.

6. Negligence against all defendants.

7. Invasion of privacy against ABC and 13 individual defendants. (One managerial-level employee of ABC is not named.)

8. Violation of state constitutional privacy rights against ABC and the same 13 employee-defendants as are named in the seventh claim.

9. Wrongful termination of employment against ABC.

10. Violation of municipal ordinance prohibiting sexual orientation discrimination against ABC.

The petition was filed by ABC and one of the managerial employee-defendants, who were the only served defendants at that time. It asserts that the employment relationship between plaintiff and ABC was governed by a collective bargaining agreement ("CBA"). This assertion, that a CBA was in effect, is not controverted by plaintiff. The petition claims that on the basis of the CBA, federal question jurisdiction exists over the second, fifth and ninth claims under § 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. This result is invoked under the "artful pleading" doctrine, as applied in federal labor law preemption cases. *See, e.g., Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir.1984).

▮ I agree with defendants that the second and ninth claims are "artfully pleaded" claims for breach of the CBA and, thus, arise under § 301 of the LMRA; as such, they are preempted by federal law under *Olguin.* Plaintiff, at oral argument, claimed that because defendants' conduct violated a clearly established public policy of California, *i.e.,* non-discrimination because of sexual orientation, the second and ninth claims also should escape preemption under *Garibaldi v. Lucky Food Stores, Inc.,* 726 F.2d 1367 (9th Cir.1984), *cert. denied,* — U.S. ——, 105 S.Ct. 2319, 85 L.Ed.2d 839 (1985); *see Tameny v. Atlan-*

*tic Richfield Co.*, 27 Cal.3d 167, 164 Cal. Rptr. 839, 610 P.2d 1330 (1980). There is neither a statutory nor any other clearly articulated basis of support for such a policy. The case primarily relied on by plaintiff, *Gay Law Students Ass'n v. Pacific Tel. & Tel. Co.*, 24 Cal.3d 458, 156 Cal.Rptr. 14, 595 P.2d 592 (1979), is clearly distinguishable. There, the court held that state constitutional and statutory provisions imposed a special duty on public utilities not generally applicable to private sector employment not to discriminate in employment against homosexuals. The court also held that the California Fair Employment Practices Act, then applicable to all employers generally, did not prohibit discrimination based on homosexuality or sexual orientation. *Id.* at 489–92, 156 Cal.Rptr. 14, 595 P.2d 592. Thus, I conclude that the *Garibaldi* exception does not apply to the second and ninth claims.

■ Defendants' argument that the fifth claim for emotional distress also is preempted is based on two cases which hold emotional distress damages which are caused by discharge are preempted. *Olguin*, 740 F.2d 1468; *Magnuson v. Burlington N., Inc.*, 576 F.2d 1367 (9th Cir. 1978). Neither of those cases involved the assertion of clearly unpreempted claims and the emotional distress damages could arise only out of the termination itself. That is not the case at bar. Here, the emotional distress is linked more closely to the non-preempted claims than the preempted claims. Therefore, under the analysis of *Allis-Chalmers Corp. v. Lueck*, — U.S. ——, 105 S.Ct. 1904, 1912, 85 L.Ed.2d 206 (1985), I conclude that this claim is not preempted.

■ For the first time at oral argument, repeated in its supplemental brief, defendants claimed that the sixth claim for negligence should be preempted. This contention was not made in the petition or in defendants' initial response to the OSC. I repeat here defendants' own words that "it is improper for this Court to even entertain the arguments first introduced by opposing counsel at the November 18 hearing."

(Defts' Supp.Br. at 3.) The analysis with respect to the emotional distress claim applies here. The negligence claim is intertwined with the unpreempted claims, rather than with the preempted claims. Therefore, under *Lueck* it should not be preempted.

■ All of the claims as against ABC, except the second and ninth claims, must, under *Farmer v. United Bhd. of Carpenters & Joiners*, 430 U.S. 290, 97 S.Ct. 1056, 51 L.Ed.2d 338 (1977), be characterized as unpreempted. The tortious conduct alleged here is so outrageous that no national labor policy would be served by preempting these claims; no federal interest would be harmed by enforcement of the state-created rights here.

"Similar reasoning underlies the exception to the pre-emption rule in cases involving violent tortious activity. Nothing in the federal labor statutes protects or immunizes from state action violence or the threat of violence ... and thus there is no risk that state damages actions will fetter the exercise of rights protected by the NLRA ... And ... state-court actions to redress injuries caused by violence or threats of violence are consistent with effective administration of the federal scheme: Such actions can be adjudicated without regard to the merits of the underlying labor controversy."

*Id.* at 299–300, 97 S.Ct. at 1063 (citations omitted). I conclude that preemption of the two clearly CBA-based claims is sufficient to protect any federal interest.

■ Finally, I add that NLRA preemption can only apply to claims against ABC, the employer who is the party to the CBA. Thus, in arguing for removal of the entire case (which defendants did initially, but now concede was not a well taken position) defendants are calling on this Court to exercise pendent party jurisdiction. Such jurisdiction does not exist in this circuit. *Carpenters S. Cal. Admin. Corp. v. D & L Camp Constr. Co.*, 738 F.2d 999 (9th Cir.1984). Were this Court to have juris-

diction over any claim against any defendant other than ABC under 28 U.S.C. § 1441(c) as a "separate and independent claim," I exercise my discretion not to retain jurisdiction over such claim and remand all of them to state court.

IT IS ORDERED that this action, except for the claims against defendant American Broadcasting Companies, Inc., made in the Second and Ninth Causes of Action in the First Amended Complaint For Damages, is remanded to the Superior Court of the State of California for the County of Los Angeles as having been removed improvidently and without jurisdiction. 28 U.S.C. § 1447(c).

Plaintiff and defendant ABC shall comply promptly with Local Rule 6 with respect to the non-remanded claims.